MURRAY (DUSTIN v.). See Case No. 4,201.

MURRAY (FORBES v.). See Case No. 4,928.

MURRAY (GALLAGHER v.). See Case No. 5,193.

MURRAY (HILL v.). See Case No. 6,495.

## Case No. 9,961.

### MURRAY et al. v. INSURANCE CO. OF PENNSYLVANIA.

[2 Wash. C. C. 186.] [1]

Circuit Court, D. Pennsylvania. April Term, 1808.

MARINE INSURANCE — SECOND POLICY — PARTIAL LOSS—ABANDONMENT.

1. The plaintiffs effected insurance in New-York, on the Hope, from Gibraltar to New-York, to the amount of four thousand dollars, valuing her at that sum; and they afterwards effected insurance on her with the defendants, to the amount of four thousand dollars, valuing her at six thousand dollars, without notice to the defendants of the prior insurance. A partial loss occurred, and the plaintiffs claimed to charge a partial loss, upon the whole amount insured by the defendants in the second policy.

2. The defendants are liable for as much of the agreed value of the Hope, as is not covered by the prior insurance, being to the extent of two thousand dollars.

[Cited in Ryder v. Phoenix Ins. Co., 98 Mass. 192.]

3. As the plaintiffs claim only a partial loss, the defendants are not entitled to an abandonment.

4. It is not the incapacity of the assured to abandon, or his failure to do so, which can defeat his right to a recovery, unless he claims for a total loss.

5. It was not necessary to give notice of the first insurance to the defendants.

6. In case of a total loss, when two insurances have been made, the assured may abandon to the second underwriters, and take from them so much as the second policy covers.

This was a case stated for the opinion of the court. The plaintiffs [Murray and Mumford], on the 21st of October, 1803, effected insurance on the ship Hope, from Gottenburgh, to New-York, in the office of the New-York Insurance Company, to the amount of four thousand dollars, valuing her at that sum. On the 20th of December, in the same year, they effected insurance on the same ship and voyage, to the amount of four thousand dollars, in the office of the defendants, valuing her at six thousand dollars. But, at the time of effecting this last policy, the defendants had no notice of the insurance made at New-York. The real value of the ship, when she sailed from New-York, exceeded six thousand dollars. A partial loss, by one of the perils insured against, took place; and the question for the opinion of the court was, whether the defendants are liable, on the last mentioned policy, for the amount reported by the referees, as per report filed; or whether the said last mention-

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the supreme court of the United States, under the supervision of Richard Peters, Jr., Esq.]

ed policy is void, by reason of the prior insurance? The referees reported the sum of —— thousand dollars to be uncovered by the first policy. Both the policies contain the usual printed clause, "that if the assured shall have made any other insurance upon the premises aforesaid, prior in date to this policy, then the said company shall be answerable, only for so much as the amount of such prior insurance may be deficient towards fully covering the premises hereby insured; and the said company to return the premium upon so much of the sum by them insured, as they shall be by such prior insurance exonerated from."

Rawle and Lewis, for defendants, contended, that the first policy being valued, the one in question having been effected without notice of the first, is void; because, in case of loss, the insured had deprived himself of the power of ceding any part of the property saved, to the defendants; the first underwriters being entitled, upon abandonment, to the whole. They relied upon the case of Yard's Assignees v. Murgatroyd [4 Yeates, 161]. in the supreme court of Pennsylvania; and the case of M'Kim v. Phoenix Ins. Co. [Case No. 8,862], in this court. Also, that the plaintiff was bound by the valuation of the first policy.

Hallowel and Hare, for plaintiffs, argued, that the first policy created no estoppel, as to the value of the property, except as between the parties to that policy. 1 Marsh. Ins. 200; Emerigon, 275; 1 Johns. 383. That the cases cited on the other side do not apply; because, in those, the question was not whether the plaintiff could recover any thing upon the second policy, but how much he was entitled to: that, although the plaintiffs might have defeated their right to recover in this action, if they had abandoned to the first underwriters, yet as they do not go for a total loss, and have not abandoned, the argument cannot affect them.

WASHINGTON, Circuit Justice. The parties to this suit have agreed, by the policy on which the action is founded, that the property insured was worth six thousand dollars; and the defendants bound themselves to the extent of four thousand dollars, the sum subscribed to cover so much of the agreed value, as had not been covered by any prior assurance. It turns out, that four thousand dollars of that value had been previously insured in New-York. As to that sum, therefore, the defendants are not liable; but they would have been liable to that amount, had the agreed value of the property been eight thousand dollars; because so much of the value was uncovered by any prior policy. But, as in the present case, only two thousand dollars of the value was uninsured when the last policy was effected, the defendants cannot be called upon for a sum exceeding that so left uncovered. This is the plain im-

port of the contract between these parties; and why should not the defendants comply with it? The reasons assigned are, that the first policy being valued, the insured, in case of a total loss, must have abandoned the whole property saved, to the first underwriters, and were thereby incapacitated to cede any thing to the defendants; without doing which, they could not demand a total loss from the defendants; and that the omission to communicate to the defendants the existence of the first policy, is such a concealment as renders this policy void in its inception. In answer to these objections, it is sufficient to say, that the plaintiffs do not claim for a total loss; and in point of fact, if this were material, they have not abandoned to the New-York Company. Claiming only for a partial loss from these defendants, they are not entitled to an abandonment. It is not the incapacity or the failure to abandon, which can defeat the right of the insured to recover, unless he goes for a total loss. But if the law were otherwise, still the insured is not incapacitated to abandon to the second underwriter, until he has deprived himself of the power of doing so, by having previously abandoned to some other underwriter. It was correctly observed, by one of the plaintiffs' counsel, that he might, if he chose, and sometimes it might be his interest, abandon to the underwriters on the second policy, and take from them so much as such policy, from the terms of it, covered. It follows from these principles, that whether there was or was not a prior policy, was a circumstance of no consequence to the underwriters on the second, except as to the amount for which the latter, in case of loss, might be liable; and, therefore, notice of such prior policy to them, was unnecessary and idle. Besides, the very terms "in case the assured shall have made any prior assurance" imply, that whether he has made such or not, is a fact unknown to the underwriter on the second policy. The case of M'Kim v. Phoenix Ins. Co. [supra] is, so far as it resembles the present case, against the defendants. In that case, the first policy was underwritten by the Philadelphia Insurance Company, to the amount of twelve thousand dollars, and was clearly open. The Phoenix Company afterwards underwrote fifteen thousand dollars, on the return cargo of coffee, valuing the same at twenty-two cents per pound; and the question before the court was, whether the plaintiff could recover any thing upon the latter policy; and— if any thing, how much? The court decided, that the first policy covered as much of the coffee, as twelve thousand dollars would absorb at prime cost, and charges, instead of the value fixed on that article in the second policy; which, of course, would leave to be covered by the second policy, as much less of the cargo, as the difference between the prime cost and charges, at twenty-two cents per pound, would amount to. For so much of the cargo, the Phoenix Company was held to be answerable. The court also decided, that the subsequent agreement of the Philadelphia Company to waive all their right to the property, which might be saved, could not change the nature of the contract entered into by the plaintiff with the Phoenix Company, because, at the moment the latter was made, no more of the cargo was insured than that which the first policy left uncovered, and was void, as to so much as was so covered. If so, the subsequent agreement with the Philadelphia Company was, in relation to the Phoenix Company, res inter alios acta, and could not affect the rights of the Phoenix Company. The notice spoken of, in that case, was not in relation to the existence of a prior policy, but the nature and extent of it. The case of Yard's Assignees v. Murgatroyd, is very imperfectly stated; but it appears, so far as we understand it, to resemble this as little as the one just noticed. The opinion of the court is, that the plaintiffs are entitled to recover the sum reported by the referees.